IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
2:55 pm, Aug 21, 2025
**JEFFREY P. COLWELL, CLERK**

RANDY NETTELL,

   Plaintiff,

v.

GREYSTAR MANAGEMENT (LOWRY PARK APARTMENTS);

DENVER COUNTY SHERIFF, in his official capacity;

JUDGE ISAAM SHAMSID-DEEN, in his official capacity;

   Defendants.

Civil Action No. _____

Document 1: Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Randy Nettell,
Plaintiff (Pro Se),
v.
Isaam Shamsid-Deen, in his official capacity as Judge of the Denver County Court
Denver County Sheriff, in his official capacity
Greystar Management / Lowry Apartments, in its corporate capacity
Clerk of Court, Denver County Court, in official capacity
Defendants.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND THE AMERICANS WITH DISABILITIES ACT (ADA)

I. Jurisdiction and Venue

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 because this action arises under the U.S. Constitution, 42 U.S.C. § 1983, and the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.).

Venue is proper in this District under 28 U.S.C. § 1391 because the events occurred in Denver, Colorado.

II. Parties

Plaintiff, Randy Nettell, is a disabled veteran residing in Denver, Colorado.

Defendant Judge Shamsid-Deen is sued in his official capacity for injunctive relief only.

Defendant Denver County Sheriff is sued in his official capacity.

Defendant Greystar Management/Lowry Apartments is sued for damages.

Defendant Clerk of Court is sued in official capacity for injunctive relief.

III. Facts

Plaintiff and his disabled spouse were defendants in an eviction proceeding in Denver County Court.

Plaintiff requested continuances and ADA accommodations due to disability, including PTSD and medical equipment needs, which were summarily denied.

Plaintiff was denied the opportunity to obtain counsel after explaining his situation to court staff and the presiding judge.

The judge stated on the record that Plaintiff was "only stalling," demonstrating bias and prejudgment.

Plaintiff's requests for adjournment, continuance, and ADA accommodation were ignored or denied.

The Sheriff is scheduled to enforce eviction imminently, placing Plaintiff and spouse at risk of homelessness and severe medical harm.

Secondhand marijuana smoke infiltrates Plaintiff's unit, prohibited by lease terms, and aggravates health conditions including CPAP use. Greystar has failed to remedy these issues.

Eviction during these circumstances violates due process, equal protection, and the ADA.

IV. Claims

Count 1 – Due Process (14th Amendment, 42 U.S.C. § 1983)
16. Defendants, acting under color of state law, deprived Plaintiff of due process by denying

meaningful opportunity to be heard, prejudging the case, and refusing ADA accommodations.

Count 2 – ADA Title II Violations
17. Judge, Clerk, and Sheriff failed to provide reasonable modifications for disability in court access and procedures.

Count 3 – Disability Discrimination / Habitability (against Greystar)
18. Greystar failed to address hazardous conditions (secondhand smoke, broken windows/doors), violating lease and fair housing obligations.

V. Relief Requested

Plaintiff respectfully requests:
A. Immediate injunctive relief halting enforcement of eviction.
B. Declaratory judgment that Defendants violated Plaintiff's due process and ADA rights.
C. Damages against Greystar in an amount to be proven at trial.
D. Costs, fees, and any further relief deemed just.

Respectfully submitted,
/s/ Randy Nettell
(Pro Se Plaintiff)
Denver, Colorado
Date: August 20, 2025